

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2003

# Slavomir Prokic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 02-2065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Slavomir Prokic v. Atty Gen USA" (2003). *2003 Decisions.* Paper 848.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/848

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No: 02-2065

———————

SLAVOMIR PROKIC,
                              Appellant
v.

John Ashcroft, Attorney General
of the United States of America

———————

On Petition for Review of an Order of the Board of Immigration Appeals
A70 704 189

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2003

Before: ROTH, FUENTES, and ALDISERT, Circuit Judges

(Opinion Filed: January 29, 2003 )

———————

OPINION OF THE COURT

———————

FUENTES, Circuit Judge:

Slavomir Prokic ("Prokic") petitions this Court to review the order of the Board of Immigration Appeals ("BIA") to dismiss his appeal for failing to file a brief after he indicated that he would do so. Because Prokic failed to properly raise this issue in his brief and because 8 C.F.R. § 3.1(d)(2)(i)(D) (2001) provides for summary dismissal if a brief or statement is not filed after a party has indicated that he or she will do so, we affirm the decision of the BIA.

**I.**

Prokic is a 63-year-old native and citizen of Serbia, in the Republic of Yugoslavia, who was admitted to the United States on December 9, 1992. He entered on a six month visitor visa and never left. Instead, Prokic filed an application for asylum, which was eventually referred to an immigration judge. On or about September 4, 1997, the Immigration and Naturalization Service ("INS") placed Prokic in removal proceedings for having remained in the United States longer than permitted. On April 14, 1998, an immigration judge found Prokic removable as charged and ruled that he was ineligible for asylum. However, the immigration judge granted Prokic voluntary departure.

Prokic filed a notice of appeal with the BIA and indicated that he would file a brief. The BIA set a briefing schedule on September 4, 1998, which required Prokic's brief to be filed by October 5, 1998. On September 11, 1998, the INS filed a notice that it concurred with the decision of the immigration judge and would not be filing a formal brief. Prokic did not respond to the notice and failed to file a brief. On March 22, 2002, the BIA

2

summarily dismissed the appeal because Prokic had failed to file a brief and failed to explain his failure to do so.

## II.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's decision unless the BIA defers to the decision of the immigration judge. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001).

## III.

Prokic argues that he produced sufficient evidence to establish a well-founded fear of persecution in Serbia. However, as we have stated, the BIA dismissed Prokic's appeal for failure to file a brief. Specifically, the BIA ruled:

> The appeal is dismissed. The appellant checked Box 6 on the Notice of Appeal (Form EOIR-26) indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal. Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, 'within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.' The appellant was granted the opportunity to submit a brief or statement in support of the appeal. However, the record indicates that appellant did 'not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing.' 8 C.F.R. § 3.1(d)(2)(i)(D).

In order for Prokic to prevail on this appeal, he must first establish that the BIA erred in dismissing his appeal for failure to submit a brief. "An issue is waived unless a party raises it in its opening brief." See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.1994). Because Prokic neglected to put forth any argument challenging the BIA's summary dismissal of his appeal, he has waived his

3

challenge to the BIA's decision.

However, even if Prokic were to have raised this issue in his brief, we would affirm the decision of the BIA. "An appellant's failure to file a brief is a serious procedural default, and, at least when the appellant is represented by counsel, as in the present case, or declines an offer of counsel, dismissal is an appropriate sanction." Stroe v. INS, 256 F.3d 498, 499 (7th Cir. 2001). Notice of Appeal, Form EOIR-26, contains a clear warning that an appeal may be subject to summary dismissal if the appellant indicates that a brief will be filed and then fails to file a brief within the allotted time and without explanation. Dismissal under such circumstances is appropriate pursuant to 8 C.F.R. § 3.1(d)(2)(i)(D) (2001). Prokic fails to set forth any explanation for why he failed to comply with the clear directive contained in the Notice of Appeal and the Code of Federal Regulations. As a result, based on the BIA's straightforward application of the relevant code provision, we find no reason to grant the petition to review the order.

## IV.

Accordingly, for the reasons stated above, we affirm the Order of the Board of Immigration Appeals.

4

_____

TO THE CLERK OF THE COURT:


Kindly file the foregoing Opinion.


 /s/ Julio M. Fuentes

Circuit Judge
